United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andre D. Barbary, Movant, | ) |
| | ) |
| v. | ) Civil Action No. 18-61148-Civ-Scola |
| | ) (Criminal Case No. 12-60011-CR-Scola) |
| United States of America, | ) |
| Respondent. | ) |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On May 30, 2018 and June 27, 2018, Judge White issued a report and supplemental report, recommending that the Court dismiss the motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 1) for lack of jurisdiction. Specifically, Judge White found that Barbary's motion to vacate is successive, and that he has failed to properly seek permission from the appellate court to file a second or successive petition pursuant to 28 U.S.C. § 2244. (R. & R., ECF Nos. 6, 10.) Indeed, Judge White attached a form application for leave to file a second or successive motion to the report and recommendations. (*See* ECF No. 6-1.) Rather than utilize the form, Barbary filed objections to the report and supplemental report. (Objs., ECF Nos. 9, 11).

In his objections, Barbary disagrees with Judge White's conclusion, and rehashes his argument that *Dahda v. United States*, 138 S. Ct. 1491 (2018) excepts his motion from the requirements of 28 U.S.C. § 2255(h). First, "[i]t is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Second, the Supreme Court's decision in *Dahda* does not affect the requirement that Barbary seek leave to file a second or successive 2255 motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

The Court has considered Judge White's report, Barbary's objections, the record, and the relevant legal authorities. The Court finds Judge White's report and recommendation and supplemental report and recommendation cogent and compelling. The Court **affirms and adopts** Judge White's report and recommendation (**ECF No. 6**) and supplemental report and recommendation (**ECF No. 10**). The Court **dismisses** for lack of jurisdiction the motion to vacate sentence (**ECF No. 1**). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on July 17, 2018.

_____
Robert N. Scola, Jr.
United States District Judge